UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

J. DAVID MAHONEY and JDM ENTERPRISES, INC. f/k/a NOBLE GAS SOLUTIONS, INC.,

*Plaintiffs*,

- *against* -

WHITEMAN OSTERMAN & HANNA, LLP and VINCENT VALENZA, ESQ.,

*Defendants/Third-Party Plaintiffs*,

- *against* -

GIRVIN & FERLAZZO, P.C.,

*Third-Party Defendant*.

**THIRD-PARTY COMPLAINT**

Case No. 1:24-cv-00815-AMN-DJS

Defendants/Third-Party Plaintiffs, Whiteman Osterman & Hanna (**"WOH"**) and Vincent Valenza, Esq. (**"Attorney Valenza"**) (collectively, **"Whiteman"**), by and through their counsel, Rivkin Radler LLP, submit this Third-Party Complaint against Third-Party Defendant, Girvin & Ferlazzo, P.C. (**"Ferlazzo"**), as follows:

## NATURE OF THE ACTION

1. This is an action by Plaintiffs, J. David Mahoney (**"Mahoney"**) and JDM Enterprises, Inc. f/k/a Noble Gas Solutions, Inc. (**"JDM"**), against Whiteman for alleged legal malpractice and disgorgement of fees.

2. Allegedly, Whiteman failed to properly represent Plaintiff(s) in the sale of Noble Gas Solutions, Inc. (**"Noble Inc."**), a merger of Noble Inc. into Noble Gas, LLC (**"Noble LLC"**) pursuant to Internal Revenue Code Section 368(a)(1)(F) (the **"F-Reorganization"**), and/or the sale of Noble LLC (collectively, the **"Transactions"**).

3. Plaintiffs seek from Whiteman monetary damages in the form of tax consequences Plaintiff(s) allegedly could and should have avoided in the Transaction(s), legal fees paid to Whiteman, and legal fees incurred in bringing this action.

4. Whiteman denies liability and many of the allegations of Plaintiffs' Amended Complaint (Dkt. No. 13), which is the operative pleading in this action and expressly incorporated herein.

5. Because Ferlazzo was lead counsel to Plaintiff(s) in the Transactions, ultimately responsible for the Transactions, and any damages for which Whiteman may be found liable to Plaintiffs, if any, are wholly or partially resultant from Ferlazzo's failures, Whiteman brings this Third-Party Complaint against Ferlazzo for indemnification and contribution.

**PARTIES**

6. Mahoney is an individual and, upon information and belief, a resident of Florida.

7. JDM is a corporation organized under the laws of the State of Delaware and, upon information and belief, maintains its principal place of business in Florida and is not authorized to conduct business in New York.

8. WOH is a limited liability partnership organized under the laws of the State of New York and maintains its principal place of business at One Commerce Plaza, 99 Washington Avenue, Albany, New York 12260.

9. Attorney Valenza is an individual and a resident of the State of New York.

10. Ferlazzo is a professional service corporation organized under the laws of the State of New York and, upon information and belief, maintains its principal place of business at 20 Corporate Woods Boulevard, Albany, New York, 12211.

**JURISDICTION & VENUE**

11. The Court has jurisdiction over Whiteman's claims against Ferlazzo pursuant to 28 U.S.C. § 1367 as they are so related to Plaintiffs' claims in the action that are, upon information and belief, within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12. The Court has personal jurisdiction over Ferlazzo as the Court may exercise personal jurisdiction consistent with the courts of the State of New York, and Ferlazzo is organized under the laws of the State of New York, maintains its principal place of business in the State of New York, maintains sufficient contacts with the State of New York that are so related to Whiteman's claims, and will be served with this Third-Party Complaint in New York.

13. Venue is proper in the Court for Whiteman's claims against Ferlazzo pursuant to 28 U.S.C. § 1391 as Ferlazzo, upon information and belief, maintains its principal place of business within the Northern District of New York and the action is already venued in the Court.

**FACTS**

**A. Plaintiff(s) Engagement of Ferlazzo.**

14. Ferlazzo is a law firm.

15. Plaintiff(s) engaged Ferlazzo to handle the Transactions.

16. Ferlazzo was Plaintiff(s)' lead counsel for the Transactions.

**B. The Engagement of Whiteman.**

17. Whiteman is a law firm.

18. On or about October 1, 2022, Noble Inc. engaged Whiteman to provide tax advice regarding its potential sale and to support Ferlazzo in some aspects of the Transactions.

19. Whiteman was not engaged to handle the Transactions.

20. Whiteman was not ultimately responsible for the Transactions.

21. Whiteman reported to Ferlazzo.

**C. The Transactions.**

22. Noble Inc. was a corporation formed under the laws of the State of New York and, upon information and belief, maintained its principal place of business at 10 Erie Boulevard, Albany, New York 12204.

23. On or about July 15, 2021 (prior to Whiteman's engagement), Air Water America Inc. (**"AirWater"**) issued a letter of intent to Noble Inc. and/or Mahoney to purchase Noble Inc. for approximately $28 million (the **"First Deal"**).

24. The First Deal failed to close.

25. Whiteman was not involved in the First Deal.

26. Ferlazzo was ultimately responsible for the First Deal.

27. On or about July 26, 2021 (prior to Whiteman's engagement), AirChem LLC (**"AirChem"**) issued a letter of intent to Noble Inc. and/or Mahoney to purchase Noble Inc. for approximately $36 million (the **"Second Deal"**).

28. As part of the Second Deal, AirChem required that Noble Inc. undergo the F-Reorganization.

29. Whiteman provided Ferlazzo certain tax advice regarding the F-Reorganization.

30. Ferlazzo advised Plaintiff(s) and/or Noble Inc. to undertake the F-Reorganization and that the F-Reorganization would have no adverse tax consequences.

31. Based on Ferlazzo's advice, Plaintiff(s) and/or Noble Inc. authorized the F-Reorganization.

32. On or about December 27, 2021, Whiteman accomplished the F-Reorganization.

33. As part of the F-Reorganization, Noble LLC was formed.

34. The Second Deal failed to close.

35. Ferlazzo was ultimately responsible for the Second Deal.

36. On or about January 24, 2022, AirWater issued another letter of intent; this time seeking to purchase Noble LLC for $36 million (the **"Third Deal"**).

37. Whiteman provided Ferlazzo certain tax advice regarding the Third Deal.

38. Ferlazzo understood that the Third Deal would be treated as a sale of assets and the associated tax consequences to Plaintiff(s).

39. Plaintiff(s) knew that the Third Deal would be treated as a sale of assets and the associated tax consequences and/or Ferlazzo failed to advise Plaintiff(s) of same.

40. Ferlazzo did not counter the structure of the Third Deal.

41. The Third Deal closed.

42. Ferlazzo was ultimately responsible for the Third Deal.

43. Pursuant to the agreement governing the Third Deal, the parties were required to undertake a post-closing process that included allocation of the purchase price and all other amounts constituting consideration (the **"Allocation"**).

44. Whiteman advised Ferlazzo that the Allocation was critical to the Third Deal and achieving tax savings for Plaintiff(s).

45. AirWater proposed an initial Allocation.

46. Whiteman advised Ferlazzo that the initial Allocation unduly shifted significant tax burden on Plaintiff(s).

47. Whiteman advised Ferlazzo to counter the initial Allocation.

48. Whiteman advised Ferlazzo of tax savings that could be achieved for Plaintiff(s) by countering the initial Allocation.

49. Whiteman advised Ferlazzo of tax savings that could be achieved for Plaintiff(s) by properly negotiating and conducting the Allocation.

50. Plaintiff(s) knew of the importance of the Allocation and the tax savings that could be achieved, and/or Ferlazzo failed to advise Plaintiff(s) of same.

51. Ferlazzo failed to counter the initial Allocation.

52. Ferlazzo failed to properly conduct the Allocation.

53. Ferlazzo was ultimately responsible for the Allocation.

**D. Plaintiffs' Claims.**

54. On or about June 26, 2024, Plaintiffs commenced this action against Whiteman.

55. Plaintiffs allege that Whiteman committed legal malpractice by not giving proper advice regarding the F-Reorganization.

56. Plaintiffs allege that Whiteman committed legal malpractice by completing the F-Reorganization.

57. Plaintiffs allege that Whiteman committed legal malpractice by not giving proper advice on the structure of the Third Deal.

58. Plaintiffs allege that Whiteman committed legal malpractice by not properly structuring the Third Deal.

59. Plaintiffs allege that, as a result of the alleged malpractice, Plaintiffs incurred tax liabilities from the Third Deal that could and should have been avoided.

60. Plaintiffs allege that, as a result of the alleged malpractice, Plaintiffs paid legal fees to Whiteman for improper legal services.

61. Plaintiffs seek from Whiteman monetary damages in the form of the allegedly incurred tax liabilities, legal fees paid to Whiteman, and legal fees incurred in bringing this action.

62. Whiteman denies liability and the many of the allegations of Plaintiffs' Amended Complaint (Dkt. No. 13), which is the operative pleading in this action and expressly incorporated herein.

**E. Ferlazzo's Failures.**

63. That if Plaintiff(s) were improperly advised regarding the F-Reorganization, such improper advice was given in whole or in part by Ferlazzo.

64. That if the decision to complete the F-Reorganization was improper, such decision was made by Ferlazzo and/or in whole or in part on improper advice by Ferlazzo.

65. That if Plaintiff(s) were improperly advised regarding the Third Deal, such improper advice was given in whole or in part by Ferlazzo.

66. That if the Third Deal was improperly structured, such improper structure was a result in whole or in part of Ferlazzo.

67. That if Plaintiff(s) unduly incurred tax liabilities from the Third Deal, such liabilities were caused in whole or in part by Ferlazzo.

68. That if Plaintiff(s) unduly incurred legal fees, such legal fees were caused in whole or in part by Ferlazzo.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST FERLAZZO**
**(Indemnification)**

69. Whiteman repeats and realleges paragraphs 1 through 68 above as if fully set forth herein.

70. That if Plaintiff(s) succeed against Whiteman, any such damages were wholly caused by Ferlazzo.

71. A party owes another a duty to indemnify for damages the other is forced to pay as a result of the party's culpable conduct.

72. Ferlazzo owes Whiteman a duty to indemnify Whiteman for Ferlazzo's culpable conduct that results in a judgment against Whiteman.

73. Whiteman engaged in no culpable conduct that caused Plaintiffs' alleged damages.

74. That if Whiteman is found liable to Plaintiff(s), then such liability shall derive from the primary and affirmative wrongdoing of Ferlazzo with Whiteman having committed no culpable conduct and, thus, damages awarded to Plaintiff(s) against Whiteman, if any, were caused in whole by reason of the culpable of Ferlazzo and Ferlazzo is required to indemnify Whiteman for any and all such damages.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST FERLAZZO**
**(Contribution)**

75. Whiteman repeats and realleges paragraphs 1 through 74 above as if fully set forth herein.

76. That if Plaintiff(s) succeed against Whiteman, any such damages were wholly or partially caused by Ferlazzo.

77. A party owes all others a duty to be responsible for the consequences of that party's culpable conduct.

78. A party owes another a duty to contribute for damages the other is forced to pay as a result of the party's culpable conduct.

79. Ferlazzo owes Whiteman a duty to contribute to Whiteman for Ferlazzo's culpable conduct resulting in a judgment against Whiteman in favor of Plaintiffs.

80. That if Whiteman is found liable to Plaintiffs by reason of culpable conduct other or in addition to its own, then said damages were caused or contributed to in whole or in part by reason of Ferlazzo's culpable conduct and, thus, Ferlazzo is required to contribute to Whiteman for any and all such damages.

**WHEREFORE**, Whiteman seeks a judgment against Ferlazzo for indemnification and/or contribution insofar, and if, Whiteman is found liable to Plaintiffs.

Dated: October 23, 2024
Uniondale, New York

RIVKIN RADLER LLP
*Attorneys for Defendants*

By: ____*/s/ David S. Wilck* _____
David S. Wilck, Esq.
*Bar Roll # 705636*
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
david.wilck@rivkin.com

Benjamin J. Wisher, Esq.
*Bar Roll # 702764*
2649 South Road, Suite 100
Poughkeepsie, New York 12601
(845) 554-1820
benjamin.wisher@rivkin.com

TO: Girvin & Ferlazzo, P.C.
20 Corporate Woods Blvd.
Albany, New York 12211

CC: The Wagoner Firm PLLC
Matthew D. Wagoner, Esq.
Matthew W. Rimkunas, Esq.
150 State Street, Suite 504
Albany, New York 12207
(518) 734-0152
matt@thewagonerfirm.com
matthewr@thewagonerfirm.com