UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

J. DAVID MAHONEY and JDM ENTERPRISES, INC.
f/k/a NOBLE GAS SOLUTIONS, INC.,

*Plaintiffs*,

- *against* -

WHITEMAN OSTERMAN & HANNA, LLP and
VINCENT VALENZA, ESQ.,

Case No. 1:24-cv-00815-AMN-DJS

*Defendants/Third-Party Plaintiffs*,

- *against* -

GIRVIN & FERLAZZO, P.C.,

*Third-Party Defendant*.

-----------------------------------------------------------------

**WHITEMAN'S MEMORANDUM OF LAW IN OPPOSITION TO FERLAZZO'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

RIVKIN RADLER LLP
*Attorneys for Defendants/Third-Party Plaintiffs*

David S. Wilck, Esq.
*Bar Roll # 705636*
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
david.wilck@rivkin.com

Benjamin J. Wisher, Esq.
*Bar Roll # 702764*
2649 South Road, Suite 100
Poughkeepsie, New York 12601
(845) 554-1820
benjamin.wisher@rivkin.com

Dated: Uniondale, New York
December 13, 2024

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii
PRELIMINARY STATEMENT ........ 1
BACKGROUND ........ 4
STANDARD ........ 6
ARGUMENT ........ 6
CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmBase Corp. v. Davis Polk & Wardwell*,
866 N.E.2d 1033 (N.Y. 2007)....................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................6

*Braig v. Baker*,
2024 WL 4551345 (N.Y. Sup. Ct. 2024)....................7

*Bros. v. Hebert*,
2005 WL 8169556 (N.D.N.Y. 2005)....................6

*Crest Cadillac Oldsmobile, Inc. v. Gen. Motors Corp.*,
2005 WL 3591871 (N.D.N.Y. 2005)....................6

*E.E.O.C. v. Port Auth. of New York & New Jersey*,
768 F.3d 247 (2d Cir. 2014)....................6

*Gmurzynska v. Hutton*,
355 F.3d 206 (2d Cir. 2004)....................6

*Groisman v. Feler*,
2017 WL 11690933 (E.D.N.Y. 2017)....................8

*St. Joseph's Hospital Health Center v. American Anesthesiology of Syracuse,*
2024 WL 4930688 (N.D.N.Y. 2024)....................6

*Morales v. New York State Dept of Co'rr.*,
842 F.2d 27 (2d Cir. 1988)....................6

*Raquet v. Braun*,
681 N.E.2d 404 (N.Y. 1997)....................9

*Schauer v. Joyce*,
429 N.E.2d 83 (1981)....................7

*Swierkiewicz v. Sorema N. A.*,
534 U.S. 506 (2002)....................6

*Syms v. Olin Corp.*,
2006 WL 8455723 (W.D.N.Y. 2006)....................8

*Wheeler v. Prudential Fin., Inc.*,
499 F. Supp. 2d 219 (N.D.N.Y. 2007) .......... 6

*Wingard v. GR Catalyst Two, LLC*,
2023 WL 11835323 (N.D.N.Y. 2023) .......... 1, 6

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .......... 6

## PRELIMINARY STATEMENT

This legal malpractice action arises from a series of transactions leading up to, and including, the sale of a company formerly owned by Plaintiffs JDM Enterprises, Inc. and/or J. David Mahoney (**"Plaintiffs"**) (the **"Transactions"**). Plaintiffs claim that they were not properly represented in the Transactions and, as a result, incurred tax liabilities and legal fees that should have been avoided.

Plaintiffs retained Girvin & Ferlazzo, P.C. (**"Ferlazzo"**) to handle the Transactions, and Ferlazzo was lead counsel in the Transactions. Defendants Whiteman Osterman & Hanna, LLP and Vincent Valenza, Esq. (**"Whiteman"**) were retained to assist Ferlazzo in certain aspects of the Transactions.

Nonetheless, Plaintiffs only sued Whiteman and not Ferlazzo. Whiteman thus commenced a third-party action against Ferlazzo — Plaintiffs' lead counsel ultimately responsible for the Transactions — for indemnification and contribution.

Ferlazzo filed a motion to dismiss for failure to state a claim. It should be denied in its entirety. As an initial matter, Whiteman hereby withdraws its claim for indemnification thereby mooting that portion of Ferlazzo's motion. *See Wingard v. GR Catalyst Two, LLC*, 2023 WL 11835323, at *9 (N.D.N.Y. 2023) ("Because the GR Defendants have withdrawn their claim for common law indemnity under New York law . . . the Motion is denied as moot with respect to that claim.").

That leaves only the contribution claim. Ferlazzo incredibly argues that it is not plausibly alleged because Whiteman "failed to plead sufficient facts alleging that [Ferlazzo] breached a duty owed to either [Whiteman] or Plaintiffs." Dkt. No. 31 at 8. Ferlazzo either failed to apprehend the third-party complaint or applicable pleading standards.

A pleading need only include a short and plain statement of a plausible claim to provide the defendant fair notice. A claim is plausible if it is supported by allegations showing that it is more than merely speculative. On a motion to dismiss for failure to state a claim: the pleading must be liberally construed; the allegations accepted as true; and the pleader afforded every favorable inference. Therefore, a motion to dismiss for failure to state a claim must be denied unless it can be said beyond any doubt that the pleader cannot prove any set of facts entitling it to relief. *See infra*, Standard.

The third-party complaint more than meets these pleading standards. It contains numerous, specific factual allegations plausibly demonstrating Ferlazzo owed and breached its duties to Plaintiffs. Indeed, the third-party complaint alleges that: Ferlazzo was retained by Plaintiffs to handle the Transactions; was Plaintiffs' lead counsel for the Transactions; and was ultimately responsible for each and all of the Transactions. It should be beyond question that these allegations — none of which Ferlazzo denies — establish an attorney-client relationship and provide fair notice to Ferlazzo (a law firm) of plausible duties it owed to Plaintiffs in the Transactions.

Ferlazzo's protestation seems to be that the third-party complaint fails to use the legal term "duty." That is a weak technical argument that puts form over substance and also ignores pleading principles. A well-pleaded complaint is not one that merely recites terms of art; it is one that offers factual allegations giving rise to plausible claims. The third-party complaint accomplishes the latter.

Regardless, but still not to Ferlazzo's liking, the third-party complaint also expressly alleges (using the word "duty") that Ferlazzo owes Whiteman a duty to contribute. These allegations are exactly on point with New York law and the basic principle that a party owes a

duty to another to contribute for damages the other is forced to pay as a result of the party's culpable conduct.

The third-party complaint also details Ferlazzo's culpable conduct. Ferlazzo failed to properly: advise Plaintiffs regarding the Transactions; structure the Transactions; negotiate and complete the Transactions; and otherwise represent Plaintiffs in the Transactions. In other words, Ferlazzo breached its duties to Plaintiffs. Ferlazzo also failed to heed Whiteman's advice. All of this conduct caused or contributed to Plaintiffs' alleged damages that Plaintiffs' seek from Whiteman.

Ferlazzo also seems to hide another argument for dismissal in its motion, implying that the Transactions were outside the scope of its retainer agreement with Plaintiffs. *See* Dkt. No. 31 at 9. That insinuation should be rejected. Ferlazzo failed to include the purported limiting retainer agreement in its motion (which would tacitly admit that there was a retainer and a need for discovery to determine its scope and limitations, if any). Even if the retainer was included in the motion and excluded the Transactions, it would be irrelevant to Ferlazzo's contribution liability to Whiteman.

Otherwise, Ferlazzo's motion seems to support its own denial by further highlighting the need for discovery. The precise and complete nature of Ferlazzo's failures, the Transactions, and Plaintiffs' representation are subjects Whiteman will probe after joinder. Whiteman need not prove its case at this juncture, and Ferlazzo cannot use a lack of discovery or completeness to avoid Whiteman's plausible claim altogether.

Accordingly, Whiteman respectfully requests that Ferlazzo's motion be denied and Whiteman granted such other and further relief that the Court may deem just and proper.

## BACKGROUND

The following are allegations from the third-party complaint, which must be: liberally construed; accepted as true; and afforded every favorable inference. *See infra*, Standard.

Ferlazzo was engaged by Plaintiffs to handle the Transactions, and Ferlazzo was Plaintiffs' lead counsel for the Transactions. *See* Dkt. No. 21 at ¶¶ 14–16. Whiteman was engaged to support Ferlazzo in certain aspects of the Transactions. *See id.* at ¶¶ 17 & 18.

Plaintiffs allege that they were not properly represented in the Transactions, namely: a potential sale of Noble Gas Solutions, Inc. (**"Noble Inc."**); a merger of Noble Inc. into Noble Gas, LLC (**"Noble LLC"**) pursuant to Internal Revenue Code Section 368(a)(1)(F) (the **"F-Reorganization"**); and/or the sale of Noble LLC. *See id.* at ¶ 2.

Specifically, Plaintiffs claim that: they were given erroneous and incomplete advice regarding the F-Reorganization; the F-Reorganization was prematurely and/or improperly filed; they were not given proper advice regarding the structure of the sale of Noble Inc. and/or Noble LLC; the sale(s) of Noble Inc. and/or Noble LLC were not properly structured and completed; and they were not otherwise provided competent legal representation and advice in connection with the Transactions. *See generally*, Dkt. No. 13; *see also* Dkt. No. 21 at ¶¶ 4 & 62 (expressly denying but incorporating the amended complaint's allegations).

As a result, Plaintiffs' allege that they sustained damages in the form of tax liabilities and legal fees that should have been avoided had Plaintiffs' received proper representation in the Transactions. *See* Dkt. No. 21. at ¶ 3.

Ferlazzo was ultimately responsible for each and all of the Transactions. *See* Dkt No. 21 at ¶¶ 26, 35 & 42. And Ferlazzo was directly involved in each and all of the Transactions as retained by Plaintiffs and as Plaintiffs' lead counsel in the Transactions. *See* Dkt. No. 21 at ¶¶ 14–16. Ferlazzo provided Plaintiffs advice for the F-Reorganization, and advised Plaintiffs to

undertake the F-Reorganization and that it would have no adverse tax consequences. *See id.* at ¶ 30. Based on Ferlazzo's advice, Plaintiff(s) authorized the F-Reorganization. *See id.* at ¶ 31. Ferlazzo understood that the sale would be treated as a sale of assets and the associated tax consequences to Plaintiffs, failed to advise Plaintiffs of same, and failed to counter the structure of the sale (*i.e.*, various breached duties). *See id.* at ¶¶ 38–41.

Ferlazzo also failed to heed Whiteman's advice, properly complete the sale's post-closing process, and properly advise Plaintiffs of same. *See* Dkt. No. 21 at ¶ 43. That process included allocation of the purchase price and all other amounts constituting consideration (the **"Allocation"**). *See id.* Whiteman advised Ferlazzo that the Allocation was critical and, if properly negotiated, could achieve significant tax savings for Plaintiffs in the sale. *See id.* at ¶ 44. When the buyer proposed the initial Allocation, Whiteman advised Ferlazzo that it unduly shifted the tax burden for the sale on Plaintiffs. *See id.* at ¶¶ 45 & 46. As such, Whiteman specifically advised Ferlazzo to counter the initial Allocation to achieve tax savings for Plaintiffs. *See id.* ¶¶ 47–49. Ferlazzo failed to: take Whiteman's clear advice; properly advise Plaintiffs of the Allocation and potential tax savings, counter the initial Allocation; and properly negotiate and conduct the Allocation. Dkt. No. 21 at ¶¶ 50–52.

Each and all of Ferlazzo's failures caused or contributed to Plaintiffs' alleged damages. *See id.* at ¶¶ 67, 68 & 76. Nonetheless, Plaintiffs commenced this legal malpractice action against only Whiteman and not Ferlazzo — Plaintiffs' lead counsel that committed the foregoing errors and was ultimately responsible for the Transactions. *See* Dkt. No. 21 at ¶ 1.

Therefore, Whiteman commenced this third-party action against Ferlazzo. *See* Dkt. No. 21. If Whiteman is liable to Plaintiffs, Ferlazzo is liable to Whiteman for contribution. *See id.* at ¶ 80. This is a well-pleaded, clear-cut claim.

## **STANDARD**

A complaint need only include a short and plain statement of a claim to provide the defendant fair notice. *See Gmurzynska v. Hutton*, 355 F.3d 206, 208–09 (2d Cir. 2004); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a)(2)).

To survive a motion to dismiss, a claim need only be plausible. *St. Joseph's Hospital Health Center v. American Anesthesiology of Syracuse, P.C.*, 2024 WL 4930688, *3 (N.D.N.Y. 2024). A claim is plausible if it consists of allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When determining plausibility, the allegations must be construed liberally and accepted as true, and the claimant afforded every favorable inference. *See E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 253 (2d Cir. 2014).

The motion must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Morales v. New York State Dept of Co'rr.*, 842 F.2d 27, 30 (2d Cir. 1988) (internal quotations omitted); *accord Wheeler v. Prudential Fin., Inc.*, 499 F. Supp. 2d 219, 221 (N.D.N.Y. 2007); *Bros. v. Hebert*, 2005 WL 8169556, at *1 (N.D.N.Y. 2005); *Crest Cadillac Oldsmobile, Inc. v. Gen. Motors Corp.*, 2005 WL 3591871, at *2 (N.D.N.Y. 2005).

## **ARGUMENT**

Ferlazzo's motion should be denied in its entirety. As an initial matter, and as noted above, Whiteman withdraws its indemnification claim which requires Ferlazzo's motion to be commensurately denied as moot. *See Wingard*, 2023 WL 11835323, at *9. The remaining part of Ferlazzo's motion challenging Whiteman's contribution claim should also be denied because the contribution claim more than meets the plausibility standard.

"It is well settled that 'an attorney sued for malpractice may assert a claim for contribution against another lawyer who advised the plaintiff on the same matter'" and allegedly caused, contributed to, or aggravated plaintiff's injury. *Braig v. Baker*, 2024 WL 4551345, *5 (N.Y. Sup. Ct. 2024) (quoting *Millennium Imp., LLC v. Reed Smith LLP*, 958 N.Y.S.2d 375, 377 (N.Y. App. Div. 2013)); *see Schauer v. Joyce*, 429 N.E.2d 83, 85 (1981).

That is exactly what Whiteman alleges. Both Ferlazzo and Whiteman were engaged in the Transactions. Plaintiffs engaged Ferlazzo to handle the Transactions, and Ferlazzo was lead counsel and ultimately responsible for the Transactions. *See* Dkt. No. 21 at ¶¶ 14–16, 26, 35 & 42. Whiteman was engaged to support Ferlazzo in certain aspects of the Transactions. *See id.* at ¶¶ 17 & 18.

Whiteman also alleges that Ferlazzo caused or contributed to Plaintiffs' alleged injuries. *See* Dkt. No. 21 at ¶¶ 67 & 68. Ferlazzo: failed to properly advise Plaintiffs regarding the F-Reorganization (*Id.* at ¶¶ 31–32 & 63 & 64); failed to properly advise Plaintiffs regarding the sale (*Id.* at ¶¶ 37–39 & 65); failed to properly structure the sale (*Id.* at ¶¶ 38–41 & 66); and failed to properly complete the sale and Allocation and properly advise Plaintiffs of same (*Id.* at ¶¶ 44–52). In sum, it is plausibly alleged that Ferlazzo (lead counsel) breached its duties to Plaintiffs (clients) and Whiteman (supporting counsel).

Despite Whiteman's straightforward and well-pleaded claim, Ferlazzo incredibly argues that Whiteman "failed to plead sufficient facts alleging that [Ferlazzo] breached a duty owed to either [Whiteman] or Plaintiffs." Dkt. No. 31 at 8. That contention is meritless.

Whiteman pleaded specific facts demonstrating a duty owed by Ferlazzo to Plaintiffs. Plaintiffs engaged Ferlazzo to handle the Transactions, Ferlazzo was Plaintiffs' lead counsel for

the Transactions, and Ferlazzo was ultimately responsible for the Transactions. *See* Dkt. No. 21 at ¶¶ 14–16, 26, 35 & 42. Ferlazzo denies none of this. *See* Dkt. No. 31.

Instead, Ferlazzo appears to make the hyper-technical argument that Whiteman's allegations — although clearly demonstrating an attorney client-relationship between Ferlazzo and Plaintiffs concerning the Transactions — are deficient because they did not expressly use the legal term "duty." That form over substance argument is weak, and contrary to the pleading standard. A well-pleaded complaint does not merely recite legal ease as Ferlazzo suggests, but provides factual allegations supporting a plausible claim. *See supra*, Standard. That is no different here. Whiteman does not have to expressly use the word "duty," but only "allege[] facts [that] establish plausibly an attorney-client relationship . . . creating a legal duty of care." *Groisman v. Feler*, 2017 WL 11690933, at *3 (E.D.N.Y. 2017). That is clearly what Whiteman accomplished and Ferlazzo ignores.

Moreover, Whiteman expressly pleaded that Ferlazzo owes it a duty:

> A party owes all others a duty to be responsible for the consequences of that party's culpable conduct. A party owes another a duty to contribute for damages the other is forced to pay as a result of the party's culpable conduct. Ferlazzo owes Whiteman a duty to contribute to Whiteman for Ferlazzo's culpable conduct resulting in a judgment against Whiteman in favor of Plaintiffs.

*See id.* at ¶¶ 77–79. Once again, Whiteman's allegations are directly on point with the law:

> The duty forming the basis for liability for a common-law cause of action for contribution or indemnity "arises from the principle that 'every one is responsible for the consequences of his own negligence, and if another person has been compelled * * *
> to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him.'"

*Syms v. Olin Corp.*, 2006 WL 8455723, at *8 (W.D.N.Y. 2006) (quoting *Raquet v. Braun*, 681 N.E.2d 404, 407 (N.Y. 1997); *Oceanic Steam Nav. Co. v. Campania Transatlantic Espanola*, 31 N.E. 987, 989 (N.Y. 1892)).

As a seemingly hidden attempt to avoid Whiteman's clear contribution claim, Ferlazzo appears to also argue by implication that it cannot be held liable because its alleged culpable conduct was outside the scope of its retainer with Plaintiffs. *See* Dkt. No. 31 at 9. That attempt fails for two reasons.

*First*, and most glaring, the retainer agreement is not part of the third-party complaint and Ferlazzo did not submit the retainer agreement in support of its motion (assumably because it does not state what Ferlazzo implies and would also concede the need for discovery). Therefore, any attempt to use it as a basis to dismiss the third-party complaint should be rejected. *See Cirigliano v. Vill. of Afton, N.Y.*, 2012 WL 2752867, at *5 (N.D.N.Y. 2012); *see also* FRCP 12(d).

*Second*, even if the purported retainer agreement could be properly considered and did exclude the Transactions, it would not preclude Whiteman's contribution claim against Ferlazzo. Although a client cannot hold his attorney liable for malpractice for conduct outside the scope of representation, *AmBase Corp. v. Davis Polk & Wardwell*, 866 N.E.2d 1033, 1037 (N.Y. 2007), it is a "well-established principle that a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a procedural bar or because of a substantive legal rule." *Raquet v. Braun*, 681 N.E.2d 404, 407 (N.Y. 1997). Therefore, the retainer agreement would be irrelevant even if considered.

Ferlazzo seems to otherwise provide support for the denial of its own motion by further implicating the need for discovery. *See* Dkt. No. 31 at 9. Although Ferlazzo may want Whiteman to offer or prove its complete case at this juncture, that is not required. All that is required is a plausible claim, which Whiteman clearly accomplished. The complete contours of Whiteman's claim will be defined through discovery, including a review of any purported limiting retainer agreement between Plaintiffs and Ferlazzo.

**CONCLUSION**

With the allegations liberally construed, accepted as true, and afforded every favorable inference, it cannot be said that Whiteman is unable to prove any set of facts that may support its contribution claim. *See supra*, Standard. Whiteman plausibly alleged its contribution claim. Accordingly, Whiteman respectfully request that the Court deny Ferlazzo's motion to dismiss the third-party complaint and grant Whiteman such other and further relief that the Court deems just and proper.

Dated: Uniondale, New York
December 13, 2024

Respectfully submitted,

RIVKIN RADLER LLP
*Attorneys for Defendants/Third-Party Plaintiffs*

By: ____*/s/ David S. Wilck* _____
David S. Wilck, Esq.
*Bar Roll # 705636*
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
david.wilck@rivkin.com

Benjamin J. Wisher, Esq.
*Bar Roll # 702764*
2649 South Road, Suite 100
Poughkeepsie, New York 12601
(845) 554-1820
benjamin.wisher@rivkin.com

TO: BARCLAY DAMON LLP
*Attorneys for Third-Party Defendant*
Thomas B. Cronmiller, Esq.
*Bar Roll # 301307*
2000 Five Start Bank Plaza
100 Chestnut Street
Rochester, New York 14604
(585) 295-4424
tcronmiller@barclaydamon.com

CC: THE WAGONER FIRM PLLC
*Attorneys for Plaintiffs*
150 State Street, Suite 504
Albany, New York 12207
(518) 734-0152

Matthew D. Wagoner, Esq.
*Bar Roll # 517679*
matt@thewagonerfirm.com

Matthew W. Rimkunas, Esq.
*Bar Roll # 703584*
matthewr@thewagonerfirm.com